[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Cindy Monroe, whose maiden name was Cindy Blackwell, and the defendant, Lance Monroe, were married on June 21, 1986, at Middletown, Connecticut. One party has resided in the State of Connecticut for more than one year next proceeding September 10, 1993. There are two children born to the plaintiff of a prior marriage that have been adopted by the defendant during this marriage; to wit Jessica, born August 20, 1983 and James, born June 12, 1985. A third child, Heather was born to the plaintiff on October 15, 1987. Thus, there are three children issue of this marriage. No other minor children have been born to the plaintiff since the date of this marriage. Neither party is receiving financial assistance from the State of Connecticut. This court has jurisdiction over these parties and this marriage and the children thereof.
The court concludes that this marriage has broken down irretrievably. Each party has contributed to the break down of the marriage and the court concludes however that the contribution of the defendant-husband to the break down of this marriage exceeds that of the plaintiff-wife. He has been physically abusive of his wife resulting in the police authorities being called on approximately six occasions. Each has been emotionally abusive of the other and approximately to the CT Page 9955 same degree. Because of said physical abuse, the court will ultimately reduce of the allocation of the marital estate in the form of his claim against the equity of the property to a degree that it might not of otherwise done had there been no physical abuse. Based upon the court's due consideration of the admissible, credible and relevant evidence as aforesaid and to follow, a decree is entered dissolving the marriage. In addition taking into account the statutory criteria provided for the equitable assignment of the marital property, the following orders are entered: Joint custody of the three minor children is awarded to the parties, with the primary residence shall be with the plaintiff-mother. The defendant father shall have reasonable rights of visitation, including every other weekend from 6:00 p.m. on Friday to 6:00 p.m. on Sunday. The defendant is to give the plaintiff 24-hours notice of his intention to exercise visitation other than on scheduled weekends. The defendant may have the children with him for two (2) uninterrupted weeks during the summer, provided he gives the plaintiff notice of the intended vacation no later than June 1 of each year. The defendant may have visitation with the children on alternating legal holidays; except that he should always have the children on Christmas Eve. He should always return the children to their home by 11:00 p.m., so they can be with their mother on Christmas Day. The defendant shall have the children on Father's Day, and the plaintiff will always have the children on Mother's Day. For the present time, the children shall spend Memorial Day with their mother because one marches in a parade on said date.
The court concludes that there is additional stress placed on the family situation due to the defendants attitude in connection with the child visitation. The parties are ordered to immediately undertake and undergo the Parent Education Program. In addition they shall contact the offices Bank Hebel and with assistance of their attorneys' arrange for suitable family assessment by that office to determine what if any therapy programs ought to be undertaken by any or all members of this family in order to assist them in restoring emotional balance to this family unit.
The court has determined that the income level of the defendant is $825 per week and the plaintiff $280 per week and enters an order that the defendant pay to the plaintiff the sum of $230 per week as support for the minor children. This shall be done by contingent wage execution and the court waives the requirement of payment to the designated statutory agent for the payment of child support. CT Page 9956
The defendant shall be entitled to claim the two older children as IRS exemption and the plaintiff shall be entitled to claim the younger child as an exemption. When the plaintiffs' gross income reaches $20,000.00 the parties shall alternate the exemption status of the middle child. The parties shall nominate the minor children as irrevocable beneficiaries of any existing life insurance policies until such time as the youngest child attains the age of eighteen years.
The defendant shall maintain medical insurance for the benefit of the minor children. The parties shall divide equally the cost of any reasonable and necessary unreimbursed reasonable health expenses incurred on behalf of the minor children.
The defendant shall cooperate and make available to the plaintiff her rights to medical coverage under his policy pursuant to COBRA and she shall be responsible for any increase cost thereof.
The defendant is ordered to transfer all of his the right, title and interest in and to the premises located at 55 High Street, Higganum, Connecticut to the plaintiff to be hers absolutely. The court determines that the value of said property is $137,000.00 and that there exist presently a first mortgage in the amount of $44,000.00. The plaintiff shall remain solely responsible for the payment of the first mortgage and shall indemnify the defendant from any liability in the future thereunder.
The plaintiff has conceded that the defendant is due a certain amount from the equity of the property on the account of his pre-marital contribution towards the acquisition of said asset. Taking into account the physical violence inflicted upon the plaintiff the court awards to him and assigns to him before dividing the equity in the property the sum of $25,000.00. This sum shall be paid by a note to be executed by the plaintiff and secured by a second mortgage and said sum shall become due and payable on or before October 1, 1998. If the plaintiff shall prepay said obligation on or before October 1, 1996, she may fully satisfy the obligation created by this court order by tendering to the defendant the sum of $22,000.00. If said sum is not paid on or before October 1, 1996, then interest shall run on $25,000.00 from October 1, 1994 until said sum is paid in full. CT Page 9957
Deducting said sum from the equity in this asset, the remains $68,000.00 in equity which shall be assigned equally to the parties. To secure this sum of $34,000.00, the plaintiff shall execute a third mortgage note and deed payable to the defendant which will become due and payable to the defendant upon the death of plaintiff, remarriage of the plaintiff, sale of the premises, failure of the plaintiff and the children to use the premises as their principal place of residence, or in no event later than the date the youngest child graduates from high school. In the event the plaintiff shall wish to refinance the first mortgage in order to satisfy the second mortgage, the third mortgage shall be subordinated to any such new first mortgage to an amount not exceeding $75,000.00 said mortgage notes and deeds shall contain all the usual agreements and terms contained in secondary financing notes and mortgages.
The defendant shall pay to the plaintiff for a period of twenty-four months from October 1, 1994 the sum of $50.00 per week as alimony. Said alimony shall be non-modifiable as to term and amount.
The court orders that any obligation due the IRS shall be shared equally by these parties.
The court further concludes that the remains due and payable under the pendent lite orders of this court, the sum of $2,396.00 which is due to the plaintiff from defendant. The court orders the defendant to pay this sum to the plaintiff within thirty days of the date hereof.
Any current refund, suggested as being in the amount of $590.00, which shall become payable to these parties shall be divided equally by them.
The court assigns all of the interest of the parties on the 1988 Plymouth Reliant to the plaintiff. All of the interest of the plaintiff, if any, in the other vehicles is assigned to the defendant. Each party shall be responsible for any satisfaction of any loans in connection with said automobiles.
The defendant will be solely responsible for the payment of all joint debts, and will hold the plaintiff harmless in the connection with the same with the exception of the debt the Internal Revenue Service for which the parties remain jointly liable, as aforesaid and the real estate mortgage debt. Each of CT Page 9958 the parties shall be responsible for any other debts as shown on their respective financial affidavits and will hold the other harmless in connection with them.
The court enters no order in connection with personal property as the parties arrived at mutual distribution of thereof.
It is so ordered.
HIGGINS, J.